UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DAVID COIL,

Petitioner,

v.

DEBORAH BORGOS,

Respondent.

Case No. 2:26-cv-03677-MMD-MDC

ORDER

## I. SUMMARY

*Pro se* Petitioner David Coil has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and a motion for appointment of counsel. (ECF Nos. 1-1 ("Petition"); 2 ("Motion for Counsel").) Coil did not properly commence this action by either paying the filing fee or moving for leave to proceed *in forma pauperis*. Further, following an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"), the Court finds that the Petition is second or successive. As such, the Court dismisses this action and denies the Motion for Counsel.

## II. BACKGROUND[1]

Coil challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. David Coil*, case no. C-16-318335-1. On December 13, 2017, and March 4, 2019, the state court entered a judgment of conviction and amended judgment of conviction, respectively, following a guilty plea,

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, accessible at https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

for one count of sex trafficking of a child, four counts of soliciting prostitution, and one count of attempted sex trafficking of a child. Coil was sentenced to an aggregate term of life with the possibility of parole after 11 years. Coil appealed, and the Nevada Court of Appeals affirmed on October 16, 2019. Remittitur issued on November 12, 2019.

On August 11, 2021, Coil filed a state petition for writ of habeas corpus. *David Coil v. Calvin Johnson*, case number A-21-839320-W. The state court denied post-conviction relief on December 7, 2021. Coil filed a post-conviction appeal, and the Nevada Court of Appeals affirmed on July 20, 2022. The Nevada Court of Appeals found that Coil's petition was untimely and procedurally barred. Coil filed a motion for rehearing, but the Nevada Court of Appeals denied the motion on September 22, 2022. Remittitur issued on October 17, 2022.

On September 1, 2022, Coil initiated a federal habeas corpus proceeding in case number 2:22-cv-01428-GMN-BNW. The Court dismissed Coil's petition with prejudice as time barred, and judgment was entered. Coil appealed, and the Court of Appeals for the Ninth Circuit denied Coil a certificate of appealability.

On July 10, 2025, Coil initiated another federal habeas corpus proceeding in case number 3:25-cv-00342-ART-CLB. The Court dismissed Coil's petition with prejudice as second or successive, and judgment was entered. Coil did not appeal.

## III. DISCUSSION

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

"[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same

state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). The Antiterrorism and Effective Death Penalty Act of 1996 provides, in relevant part, that a claim presented in a second or successive federal petition that was not presented in a prior petition shall be dismissed unless:

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). However, importantly, before a second or successive petition may be filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an Order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3). The district court does not have jurisdiction to entertain a second or successive petition absent such permission. *See Brown*, 889 F.3d at 667.

Because (1) Coil's Petition challenges the same judgment of conviction that was challenged in case number 2:22-cv-01428-GMN-BNW, (2) the petition filed in case number 2:22-cv-01428-GMN-BNW was decided on the merits, and (3) the Court of Appeals for the Ninth Circuit has not approved an application for permission to file a second or successive habeas corpus petition, the Court dismisses Coil's Petition.

## IV. CONCLUSION

It is therefore ordered that the Motion for Counsel (ECF No. 2) is denied.

It is further ordered that the Petition (ECF No. 1-1) is dismissed as second or successive. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further kindly ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[2] (3)

---

[2]No response is required from Respondents other than to respond to any orders of a reviewing court.

informally serve the Nevada Attorney General with the Petition (ECF No. 1-1), this Order, and all other filings in this matter by sending notices of electronic filing to the Nevada Attorney General's office, (4) enter final judgment, and (5) close this case.

DATED THIS 16th Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE